IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-319-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| TRACIE JONES MATHIS, | ) | |
| | ) | |
| Defendant | ) | |

This matter is before the court on defendant's motion for amended restitution order under 18 U.S.C. § 3664(l), (DE 47). The government has not responded to the motion. In this posture the issues raised are ripe for ruling.

BACKGROUND

Defendant pleaded guilty to conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286. She was sentenced on August 6, 2013, to a term of imprisonment of 57 months imprisonment. The court imposed criminal monetary penalties comprising an assessment of $100.00 and restitution in the amount of $1,094,742.00, to be paid to the Internal Revenue Service ("IRS") in accordance with a schedule of payments as follows:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $500.00 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any

needed modification of the payment schedule.

(Judgment at 6 (DE 36)).

The matter came again before the court on October 3, 2013, upon the government's request made at the sentencing hearing that date in the related case of <u>United States of America v. Evelyn Gomez-Allan</u> ("Gomez-Allan"), Case Number 5:12-CR-225-FL-1, to amend the judgment entered in the instant matter on August 6, 2013 to reflect a reduced restitution in the amount of $998,266.00, from the previously imposed restitution amount of $1,094,742.00. This defendant and Gomez-Allan are jointly and severally liable for the total amount of restitution. The government represented during Gomez-Allan's sentencing hearing that the IRS was able to further investigate the matter of restitution and that the correct restitution amount Gomez-Allan and this defendant are jointly and severally liable for is $998,266.00. Absent objection received, the court directed the clerk to make final determination upon the government's request and amend the judgment to reflect the correct restitution amount of $998,266.00.

Amended judgment entered on October 18, 2013, imposing restitution in the amount of $998,266.00, again in accordance with a schedule of payments as follows:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $500.00 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

(Amended Judgment at 6 (DE 39)).

On January 30, 2014, defendant moved to amend her judgment to specify placement in a

2

residential drug awareness program, which motion the court denied by text order on February 27, 2014.

On July 21, 2014, defendant moved for a reduction in her payments under the Inmate Financial Responsibility Program, which motion the court denied by text order on August 11, 2014.

Defendant filed the instant motion on May 7, 2015, seeking an amended restitution order, under 18 U.S.C. § 3664(k). She argues that due to economic hardship the court should amend the restitution order to a quarterly payment of $25.00 that is feasible in light of her $14.00 monthly inmate pay.

DISCUSSION

"A sentence imposing a restitution order is a final judgment that may not be modified absent one of several enumerated statutory exceptions." United States v. Bratton-Bey, 564 F. App'x 28, 29 (4th Cir. 2014) (citing 18 U.S.C. § 3664(*o*); United States v. Grant, 715 F.3d 552, 557 (4th Cir.2013)). Under § 3664(*o*), one such exception is that a sentence that imposes an order of restitution "can subsequently be . . . adjusted under section 3664(k)," which provides as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.A. § 3664(k).

Although the Fourth Circuit has not addressed application of § 3664(k) in the context of modification of payments through the Inmate Financial Responsibility Program (IFRP),[1] other courts have determined that § 3664(k) does not provide the court with authority to modify such payments. In particular, in a case directly on point, the Fifth Circuit reasoned:

> [Defendant's] quest to suspend his payments must . . . be brought under [28 U.S.C.] § 2241. Were he challenging a court-ordered repayment schedule (such as the $100 a month he must pay during supervised release), suit could be brought under § 3664(k). Likewise, were he paying part of the restitution on his own schedule because of the court's requirement that repayment be immediate, he could seek relief under § 3664(k). Here, however, he is . . . disputing payments under the IFRP, requesting that payments be suspended under that program; such a matter must be brought under § 2241. He voluntarily signed a contract under the IFRP, and any effort to change the terms of that contract must be made through § 2241 after all administrative remedies have been exhausted. <u>Prisoners cannot use § 3664(k) as a vehicle for a court not in the district of incarceration to modify or suspend IRFP payments</u>.

United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009) (emphasis added). Consistent with Diggs, this court previously has held that a defendant seeking modification of payments under the IFRP must do so through an appropriate motion under § 2241, after exhaustion of administrative remedies. See United States v. Conner, No. 4:04-CR-27-2FL, 2014 WL 2624921, at *2 (E.D.N.C. June 12, 2014); see also Allen v. United States, No. 1:13-CV-25022, 2014 WL 4929408, at *2 (S.D.W. Va. Aug. 26, 2014) (same, following Diggs).

This reasoning is equally applicable in the present case. Here the court's judgment directs payments through the IFRP in lieu of paying restitution immediately. The court did not specify a

---

[1] Cf. Grant, 715 F.3d at 557 (rejecting government's argument that defendant's "receipt of an annual windfall" in the form of tax refunds could be considered a material change in the defendant's ability to pay restitution during a sentence of probation); Bratton-Bey, 564 F. App'x at 30 (rejecting government's argument as to material change in ability to pay, where inmate defendant's "cash is in the custody of Maryland authorities and is therefore not an asset newly available to him").

4

particular amount the defendant should pay per month through the IFRP, instead reserving a specific amount of required payments at the time of release from prison. Defendant is not currently making payments in accordance with the schedule in the judgment imposed for the post-release period. Accordingly, section 3664(k), which provides exclusively for adjustment of such payment schedule, is not applicable.

Instead, a motion under § 2241, filed in the district of incarceration, following exhaustion of administrative remedies, provides the appropriate vehicle for seeking modification of IFRP payments. Defendant, in effect, seeks to have the court order BOP to execute her sentence differently, by modifying payments made through the IFRP. Such a claim challenging the execution of a fine or restitution order properly is construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) ("[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition."); Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (same); see also United States v. Caudle, 261 F. App'x 501, 503-04 (4th Cir. 2008) (holding that "BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine") (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002)).

A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445. Defendant has not asserted any cause and prejudice for her failure to exhaust administrative remedies.

5

BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, she then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP–11 form. See 28 C.F.R. § 542.15.

In addition, the court refers defendant to the the BOP regulations and policies governing administration of the IFRP. These regulations and policies previously have been summarized by the government as follows:

> The BOP created the Inmate Financial Responsibility Program ("IFRP") to assist inmates in "meet[ing] [their] legitimate financial obligations." 28 C.F.R. § 545.10. The IFRP requires BOP staff to develop a payment plan for any inmate with a financial obligation to pay court imposed special assessments, restitution, or other related fees. Id. § 545.11(a). In developing an initial IFRP payment plan, BOP staff must set aside $25.00 from the inmate's trust fund account to satisfy the inmate's minimum payment schedule of $25.00 per quarter. Id. § 545.11(b). This minimum amount may be exceeded upon "consideration [of] the inmate's specific obligations, institution resources, and community resources." Id. § 545.11(b)(1). After an initial payment plan has been established, BOP staff must monitor and review the inmate's progress in meeting financial obligations. If warranted, staff may make adjustments to the inmate's payment plan. Id. § 545.11(b); BOP Program Statement 5380.08, at 7-8. In reviewing an inmate's payment plan to determine whether the plan accurately reflects the inmate's ability to meet existing financial obligations, staff must: "[1] determine the total funds deposited into the inmate's trust fund account for the previous six months; [2] [from that amount] subtract the IFRP payments made by the inmate during the previous six months; and [3] [from the remaining amount] subtract $450.00. BOP Program Statement 5380.08, at 7. Staff have the discretion to consider any monies remaining after the above computation to adjust the inmate's payment plan. Id.; see also 28 C.F.R. § 545.11(b)(1). The effect of the formula set out above is that an inmate generally pays $25 per quarter towards [her] restitution obligation, unless the inmate receives more than $450.00 per quarter in income (whether from work or from gifts). Any money beyond $450 per quarter will result in additional IFRP payments.

<u>United States v. Conner</u>, No. 4:04-CR-27-2FL, Response at 6-8 (DE 251) (E.D.N.C. March 13, 2014). In sum, guidelines and procedures applicable to all inmates limit payment from an inmate's trust fund account where net deposits do not exceed $450.00 per quarter. When deposits exceed this amount, additional IFRP payments may be made at the discretion of the BOP.

Upon exhausting her administrative remedies, and upon defendant's continued belief that the BOP is not executing her sentence appropriately, defendant may file a § 2241 petition "in the district in which [she] is currently confined." <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir.2000).

## CONCLUSION

Based on the foregoing, defendant's motion for amended restitution order under 18 U.S.C. § 3664(k) is DENIED.

SO ORDERED, this the 29th day of June, 2015.

        */s/ Louise W. Flanagan*
        LOUISE W. FLANAGAN
        United States District Judge

7

Case 5:12-cr-00319-FL   Document 48   Filed 06/29/15   Page 7 of 7